1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9          CENTRAL DISTRICT OF CALIFORNIA
10                 WESTERN DIVISION

| | |
|---|---|
| 11   JENNIFER ANNE MALEY, | ) Case No. CV 15-03509 (GJS) |
| 12              Plaintiff, | ) |
| | ) MEMORANDUM OPINION AND |
| 13            v. | ) ORDER |
| 14   CAROLYN W. COLVIN, Acting | ) |
| 15   Commissioner of Social Security, | ) |
| | ) |
| 16              Defendant. | ) |
| 17 | ) |

## I.      PROCEEDINGS

Plaintiff Jennifer Anne Maley ("Plaintiff") filed a complaint seeking review of the Commissioner's denial of her applications for Disability Insurance Benefits and Supplemental Security Income.  The parties filed consents to proceed before the undersigned United States Magistrate Judge, and motions addressing disputed issues in the case.  *See* Plaintiff's Memorandum in Support of Complaint ("Plaintiff's Memo"), Defendant's Memorandum in Support of Answer ("Defendant's Memo"), and Plaintiff's Reply ("Reply").  The Court has taken the Motions under submission without oral argument.  For the reasons discussed below, the Court finds that this matter should be remanded for further proceedings.

## II.     BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

Plaintiff asserts disability based primarily on back and neck injuries, degenerative disc disease, shoulder, hand, and leg problems, blood pressure problems, post-traumatic stress disorder, depression, anxiety, insomnia, learning problems, panic attacks, and polycystic ovarian disease.  (Administrative Record ("AR") 44-48, 211, 257).

After a hearing, an Administrative Law Judge ("ALJ") applied the five-step sequential evaluation process to find Plaintiff not disabled.  *See* 20 C.F.R. §§ 404.1520(b)-(g)(1), 416.920(b)-(g)(1).[1]  At step one, the ALJ found that Plaintiff has not engaged in substantial gainful employment since her alleged onset date.[2] (AR 19).  At step two, the ALJ found that Plaintiff has the following severe impairments:  lumbosacral degenerative disc disease; radiculopathy; and adjustment disorder with mixed emotional features.  (AR 19).  At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any impairment in the

_____

[1] To decide if a claimant is entitled to benefits, an ALJ conducts a five-step inquiry.  20 C.F.R. §§ 404.1520, 416.920.  The steps are as follows:  (1) Is the claimant presently engaged in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two; (2) Is the claimant's impairment severe?  If not, the claimant is found not disabled.  If so, proceed to step three; (3) Does the claimant's impairment meet or equal the requirements of any impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listings")?  If so, the claimant is found disabled.  If not, proceed to step four; (4) Is the claimant capable of performing her past work?  If so, the claimant is found not disabled.  If not, proceed to step five; (5) Is the claimant able to do any other work?  If not, the claimant is found disabled.  If so, the claimant is found not disabled.  20 C.F.R. §§ 404.1520(b)-(g)(1), 416.920(b)-(g)(1).

[2] In her applications, Plaintiff alleged disability since November 1, 2011. (AR 17, 180, 184).  However, at her hearing, Plaintiff amended her alleged disability onset date to August 16, 2012.  (AR 54).

Listings.  (AR 19-20).  The ALJ assessed Plaintiff with the residual functional capacity ("RFC") to perform sedentary work, except for occasional bending and stooping, occasional overhead reaching with the right (dominant) upper extremity, and a limitation to simple routine tasks with occasional public and coworker contact.  (AR 20).  At step four, the ALJ found that Plaintiff was not capable of performing her past relevant work.  (AR 25).  At step five, the ALJ found that Plaintiff was capable of performing other work that exists in significant numbers in the economy.  (AR 25-26).

The Appeals Council denied Plaintiff's request for review.  (AR 1-6).

On May 11, 2015, Plaintiff filed a complaint before this Court seeking review of the ALJ's decision denying benefits.  Plaintiff raises the following issues:  (1) the ALJ erred in assessing Plaintiff's manipulative limitations; (2) the ALJ erred in rejecting Plaintiff's subjective symptom testimony; and (3) the ALJ erred in finding that Plaintiff had the ability to perform other work.  (Plaintiff's Memo at 1-10; Reply at 1-7).  The Commissioner asserts that the ALJ's decision should be affirmed.  (Defendant's Memo at 2-13).

## III.   STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), the Court reviews the Administration's decision to determine if:  (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards.  *See Carmickle v. Commissioner*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L.Ed.2d 842 (1971) (citation and quotations omitted); *see also Hoopai*, 499 F.3d at 1074.

/ / /

/ / /

/ / /

# IV.   DISCUSSION

## A.   The ALJ Failed to Provide Legally Sufficient Reasons for Rejecting Plaintiff's Credibility

Plaintiff argues that the ALJ failed to state sufficient reasons for finding her subjective symptom testimony not fully credible.  (Plaintiff's Motion at 11-14; AR 18, 21-22).

At her hearing in August 2014, Plaintiff testified that she worked as an aesthetician from 2004 through 2010.  (AR 37-39).  Plaintiff had previously worked as a supervisor at Home Depot, but she injured her neck and back in 2004, and could no longer perform that job.  (AR 39, 44).  In August 2012, Plaintiff was involved in a motor vehicle accident.  (AR 42, 45).  She incurred a concussion, tear in her right rotator cuff, pain and numbness in her legs, pain in her arms and fingers, and exacerbation of pain in her neck and back.  (AR 45).  Plaintiff received injections, nerve blocks and pain medication to treat ongoing problems in her neck, back, right shoulder, hands, and legs.  (AR 45-46).  Plaintiff also took medication for anxiety and depression, conditions which became more severe after her motor vehicle accident.  (AR 46-47).

Plaintiff lived with her parents and engaged in limited daily activities.  (AR 43, 257).  On a typical day, she would have coffee, try to cook or make a sandwich, watch television, read, use the computer for a short period of time, and lie down.  (AR 43-44).  Plaintiff reported that she could not go out alone, rarely shopped, did not socialize much, and could not drive due to panic attacks.  (AR 44, 260).  If she was having a good day, she would try to help with household chores, organize paperwork, or walk her parents' dog.  (AR 43-44, 258).  Third party statements provided by Plaintiff's mother, Sheila Maley, and Plaintiff's friend, Barbara Vance, were substantially similar to Plaintiff's testimony.[3]  (AR 247-54,

---

[3] The Court notes that Ms. Vance's statement differed slightly from

4

1    266-74).

2        Plaintiff testified that she could sit for 15 to 30 minutes, stand for 10 to 15

3    minutes, walk for 20 minutes, use her hands to write for 10 minutes, and lift up to

4    10 pounds.  (AR 48-49).

5        If a claimant produces objective medical evidence of an underlying

6    impairment that could reasonably be expected to produce the symptoms alleged

7    and there is no affirmative evidence of malingering, the ALJ must offer "clear and

8    convincing" reasons to reject the claimant's testimony.  *Smolen v. Chater*, 80 F.3d

9    1273, 1284 (9th Cir. 1996); *see also Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir.

10   1998) ("Unless there is affirmative evidence showing that the claimant is

11   malingering, the Commissioner's reasons for rejecting the claimant's testimony

12   must be 'clear and convincing.'" (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th

13   Cir. 1995))).[4]  Moreover, "[t]he ALJ must state specifically which symptom

14   testimony is not credible and what facts in the record lead to that conclusion."

15   _____

16   Plaintiff's testimony and the statement from Plaintiff's mother.  For example, Ms.
     Vance reported that Plaintiff was sleeping on Ms. Vance's couch and Plaintiff was

17   able to drive.  (AR 247, 250).  However, Ms. Vance completed her statement in

18   June 2012, more than two years prior to the hearing and one year prior to the date
     Plaintiff's mother completed her statement.  (AR 32, 247-54, 266-74).

19

20   [4] The Commissioner argues that the proper standard to assess an ALJ's
     adverse credibility determination is whether there was "substantial evidence" to

21   support the ALJ's findings.  (Defendant's Memo at 7-8, n. 4 (citing 42 U.S.C. §

22   405(g); 20 C.F.R. § 416.927; Social Security Rulings 96-2p and 96-7p)).
     However, recent Ninth Circuit cases apply the "clear and convincing" standard

23   when there is no finding of "malingering."  *See*, *e.g.*, *Burrell v. Colvin*, 775 F.3d

24   1133, 1136-37 (9th Cir. 2014); *Treichler v. Commissioner*, 775 F.3d 1090, 1102
     (9th Cir. 2014); *Ghanim v. Colvin*, 763 F.3d 1154, 1163 n. 9 (9th Cir. 2014);

25   *Garrison v. Colvin*, 759 F.3d 995, 1014-15 & n. 18 (9th Cir. 2014); *Molina v.*

26   *Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012).  In the present case, the Court need

27   not resolve the asserted conflict in the Ninth Circuit authority, as the ALJ's
     findings are insufficient under either standard.

28

                                        5

*Smolen*, 80 F.3d at 1284; *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001) (the ALJ must "specifically identify the testimony [the ALJ] finds not to be credible and must explain what evidence undermines the testimony"); *Bunnell v. Sullivan,* 947 F.2d 341, 345-46 (9th Cir. 1991).  In addition to the "ordinary techniques of credibility evaluation," *Bunnell*, 947 F.2d at 346, the following factors may be considered in assessing credibility:  (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) claimant's daily living activities; (4) claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of claimant's condition.  *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002).

Here, the ALJ determined that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not credible. . . ." (AR 24).  The ALJ then provided three reasons to support the adverse credibility determination.  The Court discusses and rejects these reasons below.

First, the ALJ found that Plaintiff's reports of her daily activities were inconsistent with an inability to perform any work.  (AR 24).  An ALJ may rely on a claimant's daily activities to support an adverse credibility determination when those activities:  (1) "contradict [the claimant's] other testimony"; or (2) "meet the threshold for transferable work skills."  *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007).  But "[t]he ALJ must make 'specific findings relating to [the daily] activities' and their transferability to conclude that a claimant's daily activities warrant an adverse credibility determination."  *Id.* (quoting *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005)).  Here, the ALJ concluded that Plaintiff's testimony, as well as the third party statements of Ms. Vance and Plaintiff's mother were consistent with the ability to perform at least sedentary work.  (AR 24).  However,

the ALJ did not elaborate on which specific activities conflicted with which part of Plaintiff's testimony or how Plaintiff's activities might be transferable to a work setting. *See Orn*, 495 F.3d at 639.  The ALJ merely noted that Plaintiff reads, watches television, "tries to do housecleaning," "sometimes cooks," "grocery shops with difficulty," "uses the computer for up to 30 minutes at a time," and "socializes, but not often."  (AR 24).  This was insufficient to establish a conflict with Plaintiff's testimony.  *See Orn*, 495 F.3d at 639; *Lester*, 81 F.3d at 834 ("General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints.");*Garrison*, 759 F.3d at 1015-1016 ("[w]e have repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day," and holding that the ALJ erred in concluding that the plaintiff's reported daily activities, which "included talking on the phone, preparing meals, cleaning her room, and helping to care for her daughter," were inconsistent with her pain complaints); *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) ("many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication." ).

Second, the ALJ discounted Plaintiff's credibility because he found that Plaintiff's treatment for lumbar disc protrusions and degenerative changes was "limited and conservative," and did not include surgery.  (AR 24).  A conservative course of treatment sometimes properly may discredit a claimant's allegations of disabling symptoms.  *See*, *e.g*., *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) (treatment with over-the-counter pain medication is "conservative treatment" sufficient to discredit a claimant's testimony regarding allegedly disabling pain).  Here, however, the record indicates that Plaintiff's treatment is not properly

7

characterized as "conservative."  Plaintiff received repeated epidural injections, facet blocks, and trigger point injections, as well as prescriptions for narcotic pain medication (Norco, Oxycodone, and Percocet).  (AR 41, 46, 264, 341, 409-10, 413-20, 424, 452, 456-57); *see, e.g., Harrison v. Astrue*, No. 3:11-cv-365-MA, 2012 WL 527419, at *7 (D. Or. Feb. 16, 2012) (treatment including narcotic medications, nerve blocks and multiple steroid injections "certainly not conservative").  Plaintiff's failure to undergo spine surgery was also not a valid reason for discounting Plaintiff's credibility.  "[A]n 'unexplained, or inadequately explained, failure to seek treatment' may be the basis for an adverse credibility finding unless one of a 'number of good reasons for not doing so' applies."  *Orn*, 495 F.3d at 638 (quoting *Fair*, 885 F.2d at 603).  One good reason is if the claimant failed to obtain treatment due to an inability to afford treatment.  *Orn*, 495 F.3d at 638; *see Gamble v. Chater*, 68 F.3d 319, 321 (9th Cir.1995) ("claimant cannot be denied benefits for failing to obtain medical treatment that would ameliorate his condition if he cannot afford that treatment").  Here, Plaintiff explained that she had not had back surgery due to financial problems and a lack of insurance.  (AR 39-40, 340).  As the ALJ did not challenge Plaintiff's inability to afford greater treatment, it is improper to reject Plaintiff's credibility on this ground.  *Orn*, 495 F.3d at 638; *Gamble*, 68 F.3d at 321.

Third, the ALJ found that Plaintiff's allegations of disabling pain and incapacitating physical and mental limitations were not consistent with the objective medical evidence, or the amount of treatment pursued by Plaintiff.  (AR 24).  However, the record reveals that the medical evidence is consistent in material respects with Plaintiff's testimony.  In September 2012, nerve conduction studies indicated abnormalities in Plaintiff's upper and lower extremities suggesting C5-6 and L5-S1 radiculopathy, bilaterally.  (AR 22, 400-07, 423).  In January 2014, a lumbar MRI showed central disc protrusions at L4-L5 and L5-S1 with a high intensity zone of the posterior annulus, consistent with a posterior

annulus tear.  (AR 22, 436-37, 453).  A February 2014 neurological examination revealed diffuse tenderness throughout cervical, thoracic and lumbar region, positive paraspinal spasms, limited cervical lumbar range of motion in all planes, and decreased sensation bilaterally at C6 dermatomes and L4-L5 dermatomes. (AR 453).  Plaintiff was diagnosed with chronic pain, lumbar degenerative disk disease, and radiculopathy.  (AR 453).  The medical record also contained support for Plaintiff's mental impairment.  The ALJ gave great weight to the opinions of examining psychiatrists who diagnosed Plaintiff with a number of conditions, including post-traumatic stress disorder, depressive disorder NOS, post-concussion syndrome, adjustment disorder with mixed emotional features and physical condition affecting psychological condition.  (AR 22-24, 350, 395).  Because Plaintiff produced medical evidence of underlying impairments that could reasonably be expected to produce symptoms that significantly limit Plaintiff's ability to do basic work activities, it is improper for the ALJ to discredit Plaintiff's testimony based merely on a lack of corroborating objective evidence.  (AR 19, 21, 24); *see Bunnell*, 947 F.2d at 344-45 ("an adjudicator may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of the [symptoms]"); *Robbins v. Soc. Sec. Admin*., 466 F.3d 880, 883 (9th Cir. 2006) (explaining that the ALJ may not make a negative credibility finding "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence"); *Smolen*, 80 F.3d at 1282.  Finally, the ALJ's inference regarding Plaintiff's failure to pursue additional treatment is not reasonable, given Plaintiff testimony that she did not have the finances or medical insurance to pay for additional medical care.  (AR 22, 39, 42, 44, 348); see *Orn*, 495 F.3d at 638; *Gamble*, 68 F.3d at 321.

The Commissioner attempts to further support the ALJ's rejection of Plaintiff's credibility on the basis that Plaintiff discontinued work for reasons unrelated to her allegedly disabling impairments.  (Defendant's Memo at 11).  The

Commissioner notes that Plaintiff last worked as a preschool teacher's aide until she was laid off in November 2011, and had previously worked in a spa until she was fired. (AR 335). The ALJ, however, did not discuss Plaintiff's reasons for discontinuing work in support of the adverse credibility determination. Thus, the ALJ's decision cannot be affirmed based on the Commissioner's post hoc rationalization. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009) ("Long-standing principles of administrative law require [the Court] to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ - not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking."); *Molina*, 674 F.3d at 1121 ("we may not uphold an agency's decision on a ground not actually relied on by the agency").

Accordingly, for the reasons stated above, the Court determines that the ALJ improperly discredited Plaintiff's subjective symptom testimony.

## CONCLUSION AND ORDER

IT IS THEREFORE ORDERED that Judgment be entered reversing the Commissioner's decision and remanding this matter for further administrative proceedings consistent with this Memorandum Opinion and Order.[5]

DATED: February 01, 2016

GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE

---

[5] The Court has not reached any other issue raised by Plaintiff except as to determine that reversal with a directive for the immediate payment of benefits would not be appropriate at this time.